**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CATERPILLAR FINANCIAL SERVICES, | § | |
| d/b/a FCC EQUIPMENT FINANCING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:10-CV-72-BH |
| | § | |
| K. KYLE LEWIS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the *Order of Reassignment*, filed May 27, 2010, and the consent of the parties,

this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

Before the Court is *Plaintiff's Motion for Summary Judgment*, filed October 12, 2010 (doc. 25).

Based on the relevant filings, evidence,[1] and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

This case arises out of two written guarantees executed by K. Kyle Lewis (Defendant) in

favor of FCC Equipment Financing ("FCC").

On February 27, 2007, FCC agreed to lend money to Lewis Crane of Dallas, L.P. ("Lewis

Crane"), pursuant to a loan and security agreement. (Mot. App. at 2, 7-21.) In connection with the

loan, Defendant executed a guaranty that unconditionally guaranteed, among other things, the full

and prompt performance and payment of all present and future obligations of Lewis Crane to FCC,

---

[1] FCC submitted an affidavit in support of its reply but did not seek leave to file new evidence. Because allowing the affidavit would deprive Defendant of a meaningful opportunity to respond, the affidavit has not been considered. *See Spring Industries, Inc. v. American Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D.Tex.1991) (Fitzwater, J.) ("where a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them").

including any attorneys' fees or expenses suffered by FCC by reason of Lewis Crane's or Defendant's default. (*Id.* at 2, 22-25, 41.) Defendant's liability under the guaranty agreement was limited to twenty percent of the total outstanding balance. (*Id.* at 2, 25.)

On July 23, 2008, FCC agreed to lend money to LWL Management, LLC ("LWL") pursuant to a loan and security agreement. (*Id.* at 3, 26-36.) That same day, Defendant executed a guaranty agreement that unconditionally guaranteed, among other things, the full and prompt performance of all present and future obligations of LWL to FCC, including any attorneys' fees or expenses suffered by FCC by reason of LWL's or Defendant's default. (*Id.* at 3-4, 37-40, 42.) Defendant's liability under the guaranty was limited to twenty percent of the outstanding balance. (*Id.* at 38.)

After Lewis Crane and LWL (collectively "Debtors") defaulted on the loans, FCC notified Defendant of their default and made written demand on him to pay twenty percent of the total outstanding indebtedness owed under the loan agreements. (*Id.* at 2-4.) Defendant failed to pay, however. (*Id.*) On September 18, 2009, Debtors filed voluntary petitions for Chapter 11 relief, in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.[2] (*Id.* at 2.) On November 4, 2009, FCC filed this action seeking judgment against Defendant on the two guaranties, including twenty percent of all amounts due and owing under the loan agreements, pre-judgment and post-judgment interest, reasonable attorney fees, collection costs, and costs of court.

On October 12, 2010, FCC filed its motion for summary judgment, arguing that it is entitled to recover twenty percent of all sums due under the guaranties through September 30, 2010, including attorney's fees and expenses it has paid as of September 30, 2010; late charges and interest from September 30, 2010, through the date of the judgment; attorney's fees and expenses

---

[2] The petitions are being jointly administered as Case No. 09-45785-RFN.

accrued from August 31, 2010, through the date of the judgment; all costs of court; and post-judgment interest as allowed by law.  (Mot. Br. at 7.)

## II.  SUMMARY JUDGMENT STANDARD

"Typically, suits on promissory notes provide fit grist for the summary judgment mill." *FDIC v. Cardinal Oil Well Servicing Co., Inc.*, 837 F.2d 1369, 1371 (5th Cir. 1988) (citing *Lloyd v. Lawrence*, 472 F.2d 313 (5th Cir. 1973)).  Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Id.*  The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 324.  To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor.  *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent,

*Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the non-movant fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

### III. RECOVERY UNDER THE GUARANTIES

FCC seeks summary judgment against Defendant on grounds that it has established all the elements necessary to recover under the notes and guaranties. (Mot. Br. at 6.)

### A. Liability Under the Guaranties

FCC contends that it is entitled to recover twenty percent of all amounts due, owing, and unpaid to FCC under the loan agreements and guaranties. (Mot. Br. at 6-7.) A guaranty "creates a secondary obligation whereby the guarantor promises to answer for the debt of another and may be called upon to perform once the primary obligor has failed to perform." *Republic Nat'l Bank v. Northwest Nat'l Bank*, 578 S.W.2d 109, 114 (Tex.1978). To recover on a promissory note through a guaranty, a creditor must establish that: (1) the note and guaranty exist; (2) the guarantor signed the guaranty; (3) the creditor legally owns or holds the guaranty; and (4) a certain balance remains due and owing on the note. *Bank One, N.A. v. Shreeji A & M, Inc.*, 2004 WL 948246, at *2 (N.D. Tex. May 3, 2004) (citing *Vaughn v. DAP Fin. Servs., Inc.*, 982 S.W.2d 1, 6 (Tex. App.— Houston [1st Dist.] 1997, no pet.)).

To meet its summary judgment burden, FCC proffers copies of the loan agreements signed by Debtors as well as the guaranties signed by Defendant. (Mot. App. at 7-40.) The copies are

verified by the sworn affidavit of Penelope McCollough, an FCC employee in charge of monitoring and collecting the loans at issue. (*Id.* at 1, 5.) The affidavit states that FCC is the current owner and holder of the loan agreements and guaranties at issue and was owed $18,423,041.24 in principal, accrued but unpaid interest, and late fees under the loan agreements as of September 30, 2010. (*Id.* at 3-4.) It also states that this amount includes credits for all "payments or proceeds" received by FCC through September 30, 2010, related to the loan agreements. (*Id.*) Based on this evidence, FCC has met its initial summary judgment burden to show that no genuine material fact issue exists with respect to all of the elements needed to establish its right of recovery on the loan agreements through the guaranties. *See Celotex Corp.*, 477 U.S. at 323-25.

The burden now shifts to Defendant to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. Defendant does not dispute the first three elements; he only contends that a genuine material fact issue exists as to whether a balance remains due and owing under the loan agreements. (Resp. Br. at 2-3.) He first points to the bankruptcy court's approval of two agreed orders allowing the trustee to lease collateral securing the guaranties and allowing FCC to "foreclose on, liquidate, or otherwise take possession custody or control of all collateral securing the guaranties located at 4191 E. Dandelion Street, Pahrump, Nevada." (*Id.* at 2.) He then argues that FCC has failed to offer sufficient information needed to determine whether the collateral has been sold, leased, or otherwise disposed of, or the amount of any funds received from the lease, sale, or disposal of the collateral. (*Id.* at 2-3.) He contends that if proceeds from the sale or lease of the collateral meet or exceed the obligations owing under the loan agreements, the loan agreements have been satisfied and the guaranties are discharged. (*Id.* at 2.)

It is not enough for Defendant to merely suggest that FCC's allegations, backed up with affidavits, might be in error. *See Resolution Trust Corp. v. Camp.*, 965 F.2d 25, 29 (5th Cir. 1992). He must either submit facts demonstrating that FCC's allegations are questionable or "that the allegations are in fact not properly supported." *Id.* As discussed, when a moving party has carried its summary judgment burden, the non-movant must do more than simply create "some metaphysical doubt as to the material facts" and "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-587. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* at 587. Defendant has not identified any specific facts that would lead a rational trier of fact to find in his favor. He has not proffered any evidence to refute FCC's affidavit testimony that the total amount owed under the loan agreements included all "payments or proceeds" it has received in relation to them.[3]

Because there is no genuine issue of material fact with respect to Defendant's liability under the guaranties, FCC's motion for summary judgment is granted.

## B. Attorney's Fees

FCC also contends that it is entitled to recover its reasonable attorney's fees from Defendant pursuant to the express terms of the loan agreements and guaranties. (Mot. Br. at 7.)

It is well-established that in an ordinary diversity case, such as this one, state law governs the award of attorney's fees. *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1487 (5th Cir. 1990). Texas law, applicable to this case, embraces the general rule that parties must

---

[3]In the Fifth Circuit, because of the relative simplicity of the issues involved, suits to enforce promissory notes "are among the most suitable classes of cases for summary judgment," and statements such as whether a party has defaulted on a note or what the outstanding balance is on a note are often proven with somewhat conclusory testimony. *F.D.I.C. v. Foxwood Mgm't Co.*, 15 F.3d 180, 180 (5th Cir. 1994) (citations omitted).

bear their own attorney's fees unless a statute or contract allows for their recovery. *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. and Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009).

In order to meet its summary judgment burden, FCC points out that the guaranties specifically provide for recovery of attorneys' fees or expenses incurred by FCC by reason of the Debtors' or Defendant's default under the loan agreements and guaranties.[4] (Mot. Br. at 7; Mot. App. at 22, 37.) It also offers the sworn affidavit of its attorney stating that FCC has paid $187,042.32 in attorney's fees and expenses, as of September 30, 2010, incurred in attempting to collect the loans, enforcing its related rights and remedies, and prosecuting this lawsuit on the guaranties. (Mot. App. at 48-50.) The affidavit explains that the sum represents reasonable and necessary attorney's fees and costs for the work performed on behalf of FCC through August 31, 2010, and does not include any fees and expenses incurred in September of 2010. (*Id.* at 50.) Based on this evidence, FCC has met its summary judgment burden to show that it is entitled to attorney's fees and expenses under the guaranties. Since Defendant does not dispute this evidence, FCC is entitled to its reasonable attorney's fees and expenses under the guaranties as a matter of law.

## C. Recoverable Amounts

The affidavits provided by FCC show that is entitled to recover $3,722,016.71 from Defendant, representing twenty percent of $18,610,083.56, the total due, owing, and unpaid to FCC under the loan agreements through September 30, 2010, including attorney's fees and expenses, plus

---

[4] Because the guaranties provide for the recovery of attorney's fees and expenses, the Court does not reach FCC's alternative argument that it is entitled to recovers its reasonable attorney's fees pursuant to Texas Civil Practice & Remedies Code § 38.001.

late charges and interest from September 30, 2010 through the date of the judgment.[5]  FCC is also entitled to recover accrued attorneys' fees and expenses pursuant to the guaranties from August 31, 2010, through the date of judgment, all costs of court, and post judgment interest as allowed by law.

## IV.  CONCLUSION

FCC's motion for summary judgment is **GRANTED**.  FCC is entitled to recover $3,722,016.71 from Defendant, representing twenty percent of the total due, owing, and unpaid to FCC under the loan agreements through September 30, 2010, including attorney's fees and expenses, plus late charges and interest from September 30, 2010 through the date of the judgment. FCC is also entitled to recover accrued attorneys' fees and expenses pursuant to the guaranties from August 31, 2010, through the date of judgment, all costs of court, and post judgment interest as allowed by law.

**SO ORDERED on this 24th day of February, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Although FCC's reply brief appears to seek to include additional amounts owed as of November 1, 2010, the aggregate amount owed alleged in the reply ($18,369,947.97) is less than the aggregate amount alleged in the motion to have been owed as of September 1, 2010 ($18,610,083.56 ).  (Rep. at 3.)  Because the amounts listed in the affidavit tendered with the reply actually total $19,785,347.97, this discrepancy appears to be the result of an error in addition, rather than any concession that Defendant is due any additional credit on the amount owed.  As noted, however, any increased amount alleged in the reply affidavit is not being considered because Plaintiff did not seek leave to file additional evidence and Defendant did not have an opportunity to respond to this new evidence.